**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS FIGUEROA OCHOA, | No. 20-72510 |
| *Petitioner*, | Agency No. |
| v. | A092-693-089 |
| MERRICK B. GARLAND, Attorney General, | ORDER AND AMENDED OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 4, 2022
Portland, Oregon

Filed June 20, 2023
Amended February 6, 2024

Before: John B. Owens and Eric D. Miller, Circuit Judges,
and David A. Ezra,[*] District Judge.

Order;
Opinion by Judge Miller

---

[*] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

**SUMMARY**[**]

**Immigration**

The panel filed: (1) an order amending its opinion and directing that no further petitions for rehearing or rehearing en banc will be allowed; and (2) an amended opinion dismissing for lack of jurisdiction Jesus Figueroa Ochoa's petition for review of a decision of the Board of Immigration Appeals that upheld the denial of a continuance and denied a motion to remand.

Figueroa Ochoa had sought cancellation of removal and adjustment of status. An immigration judge denied relief because of Figueroa Ochoa's criminal record, and the Board of Immigration Appeals affirmed. Figueroa Ochoa's challenge hinged on his contention that the agency erred factually in attributing a criminal conviction to him, arguing that it truly belonged to his brother.

The panel concluded it lacked jurisdiction to review that claim because—with an exception not at issue here—Congress forbade judicial review of "any judgment regarding the granting of relief under" the provisions governing cancellation and adjustment. 8 U.S.C. § 1252(a)(2)(B)(i). The panel was guided by *Patel v. Garland*, 142 S. Ct. 1614 (2022), in which the Supreme Court held that the jurisdiction-stripping language in § 1252(a)(2)(B)(i) "encompasses any and all decisions relating to the granting or denying of discretionary relief." The panel explained that this jurisdictional bar

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

applied even though Figueroa Ochoa sought review of the denial of a continuance and a motion to remand, rather than review of the denial of the underlying relief. Further, the panel concluded that the answer to the factual question of whether the conviction belonged to Figueroa Ochoa was a judgment "regarding the granting of" cancellation of removal and adjustment of status because making it necessarily required the agency to evaluate Figueroa Ochoa's eligibility for relief. The panel noted that its interpretation accords with that of the Fifth Circuit, while the Eighth and First Circuits have adopted a narrower view of § 1252(a)(2)(B)(i).

Finally, the panel noted that, under *Fernandez v. Gonzales*, 439 F.3d 592 (9th Cir. 2006), a court may review the denial of a motion to reopen proceedings for cancellation in certain circumstances, including if the new evidence submitted addresses a hardship ground so distinct from that considered previously as to make the motion a request for new relief. The panel concluded that it need not decide whether that holding survives *Patel*, explaining that, even on its own terms, *Fernandez* does not help Figueroa Ochoa because he did not present a request for new relief within the meaning of *Fernandez*.

---

**COUNSEL**

Carlos A. Cruz (argued), Law Offices of Carlos A. Cruz, Alhambra, California; Hillary Black and Muamera Hadzic Paul Weiss Rifkind Wharton & Garrison LLP, New York, New York; Brian M. Lipshutz and Kannon K. Shanmugam, Paul Weiss Rifkind Wharton & Garrison LLP, Washington, D.C.; for Petitioner.

Jenny C. Lee (argued), Trial Attorney; Anthony P. Nicastro, Office of Immigration Litigation Assistant Director; Brian M. Boynton, Principal Deputy Assistant Attorney General; John W. Blakely, Senior Counsel for Appellate Litigation; Walter M. Evans, Senior Litigation Counsel; United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.; for Respondent.

## ORDER

The opinion filed on June 20, 2023, and published at 71 F.4th 717 (9th Cir. 2023), is amended by the opinion filed concurrently with this order. Further petitions for rehearing or rehearing en banc will not be allowed.

## OPINION

MILLER, Circuit Judge:

Jesus Figueroa Ochoa petitions for review of a final order of removal of the Board of Immigration Appeals. After Figueroa Ochoa applied for cancellation of removal and adjustment of status, the Board upheld an immigration judge's denial of those applications and a request for a continuance, and it denied a motion to remand. In this court, Figueroa Ochoa challenges the denial of the continuance and the motion to remand. Applying 8 U.S.C. § 1252(a)(2)(B)(i) as interpreted by the Supreme Court in *Patel v. Garland*, 142 S. Ct. 1614 (2022), we conclude that those denials involved factual judgments by the agency that we lack jurisdiction to review. We dismiss the petition.

Figueroa Ochoa is a native and citizen of Mexico. In 2017, the Department of Homeland Security initiated removal proceedings against him, alleging that he had entered the United States without inspection at a time and place unknown to the government. Figueroa Ochoa conceded that he was removable but applied for cancellation of removal under 8 U.S.C. § 1229b(b) and adjustment of status under 8 U.S.C. § 1255.

To be eligible for either of those forms of relief, an applicant must establish that he has not been convicted of certain criminal offenses, including any state or federal offense "relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II); *see id.* §§ 1229b(b)(1)(C), 1255(a). As relevant here, the government alleged that Figueroa Ochoa had been convicted of three such offenses, all of them in California state court. First, in 1996, Figueroa Ochoa was convicted of possession of a controlled substance, in violation of California Health & Safety Code section 11350(A). Second, in 1999, he was convicted of being under the influence of a controlled substance, in violation of California Health & Safety Code section 11550(A). Third, in 2000, he was again convicted of possession of a controlled substance.

At a hearing before an immigration judge, Figueroa Ochoa explained that he had recently asked a state court to vacate his 2000 conviction under a provision of state law that allows a conviction to be vacated if a prejudicial error impaired the defendant's "ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a" conviction. Cal. Penal Code § 1473.7(a)(1) (2017) (amended 2022). He requested a continuance so that the state court

could rule on his motion before the immigration judge considered his application.

The immigration judge denied a continuance. The immigration judge expressed skepticism about the prospects for vacatur of the 2000 conviction but also reasoned that vacatur would not make any difference to Figueroa Ochoa's eligibility for cancellation of removal and adjustment of status because the 1996 and 1999 convictions would be independent barriers to his eligibility. Figueroa Ochoa argued that neither the 1996 nor the 1999 conviction should count as disqualifying offenses. As to the 1996 conviction, he said that he was granted a diversion by the state court, and that after he successfully completed the diversion program, his conviction was "dismissed." As to the 1999 conviction, he argued that it was included in his criminal history report by mistake and that it was actually a conviction of his brother, not him. The immigration judge rejected both arguments. Of particular relevance here, the immigration judge examined the record of the 1999 conviction and concluded that it did, in fact, involve Figueroa Ochoa and not his brother.

Despite the immigration judge's skepticism, the state court did vacate Figueroa Ochoa's 2000 conviction. When Figueroa Ochoa appealed the immigration judge's decision to the Board of Immigration Appeals, he renewed his argument that the immigration judge should have granted a continuance, and he asked the Board to remand his case so that the immigration judge could evaluate the effect of the state court's decision on his applications.

The Board affirmed the immigration judge's denial of the continuance and denied Figueroa Ochoa's motion to remand. In its discussion of Figueroa Ochoa's convictions,

the Board did not mention the 2000 conviction, but it twice referred to Figueroa Ochoa's efforts to vacate the "1996 conviction." The government suggests, and we agree, that the context makes clear that the Board meant to discuss the 2000 conviction—the only conviction for which Figueroa Ochoa had sought vacatur—and that its references to the 1996 conviction were a scrivener's error. But despite the vacatur of the 2000 conviction, the Board said that it was "not persuaded that a remand would change the outcome in the case" because Figueroa Ochoa's "1999 drug conviction . . . would also serve as a bar to cancellation of removal."

Figueroa Ochoa petitioned for review, challenging the immigration judge's denial of the request for a continuance and the Board's denial of the motion to remand. His challenge hinges on his contention that the agency erred in attributing the 1999 conviction to him. If the 1999 conviction truly belonged to Figueroa Ochoa's brother rather than to Figueroa Ochoa, then the vacatur of the 2000 conviction might have made him eligible for relief, thus warranting either a continuance before the state court ruled or a remand to the immigration judge after the state court ruled.

Before we proceed to consider that issue, we note one question that is not before us: whether Figueroa Ochoa's 1996 conviction might also be a barrier to relief. Although the Board mentioned a "1996 conviction," it did so only in its mistaken references to the 2000 conviction. So far as we can determine from the Board's opinion—and as the government appears to agree—the Board did not say anything about the actual 1996 conviction. Accordingly, we cannot rely on it in evaluating Figueroa Ochoa's eligibility for relief. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019); *cf. Calcutt v. FDIC*, 598 U.S. 623, 628–29 (2023) (per curiam).

The question before us is therefore whether the Board erred in determining that Figueroa Ochoa was convicted of a drug offense in 1999; that, as a result, he is ineligible for cancellation of removal or adjustment of status; and that he accordingly was not entitled to a continuance or a remand. In seeking review of that question, Figueroa Ochoa invokes our jurisdiction under 8 U.S.C. § 1252. Although the government agrees with Figueroa Ochoa that we have jurisdiction, our jurisdiction is limited to that conferred upon us by Congress consistent with Article III, and the parties cannot enlarge it by their agreement. *See Negrete v. City of Oakland*, 46 F.4th 811, 813–14 (9th Cir. 2022). We therefore have a duty to assure ourselves of our jurisdiction even when neither party has challenged it. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc).

We conclude that we lack jurisdiction to consider Figueroa Ochoa's petition for review. Congress has specified that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under" various provisions of the immigration laws, including sections 1229b and 1255, the provisions governing cancellation of removal and adjustment of status. 8 U.S.C. § 1252(a)(2)(B)(i). In applying section 1252(a)(2)(B)(i), we are guided by the Supreme Court's recent decision in *Patel*, in which the Court held that the jurisdiction-stripping provision "encompasses any and all decisions relating to the granting or denying of discretionary relief," which "plainly includes factual findings." 142 S. Ct. at 1621–22 (internal quotation marks omitted). We therefore may not review any factual determinations "relating to" the granting or denying of the discretionary relief that Figueroa Ochoa sought. *Id.* at 1621.

Section 1252(a)(2)(D) provides an exception to the preclusion of jurisdiction by allowing "review of constitutional claims or questions of law." Neither party invokes that exception here, and with good reason. Sometimes, assessing a prior conviction may require answering a question of law, such as "Did the alien's offense constitute an aggravated felony?" *See, e.g., Alfred v. Garland*, 64 F.4th 1025 (9th Cir. 2023) (en banc). But the question the agency confronted in this case was one of historical fact: "Who was convicted in 1999—Figueroa Ochoa or his brother?" That is not a question that can be answered in a law library; it requires looking at case-specific records pertaining to Figueroa Ochoa.

That is just what the immigration judge did here. The immigration judge observed that (1) the name first provided in the 1999 case was "Jesse Figueroa Ochoa," which matched the name provided for Figueroa Ochoa's 2000 conviction as well as a later conviction for assault with a deadly weapon; (2) fingerprints taken in 2010 from "Uriel Figueroa Ochoa"—the other name given in the 1999 case—matched Figueroa Ochoa's fingerprints; (3) Figueroa Ochoa had the same attorney as the defendant in the 1999 case; and (4) both Figueroa Ochoa and the defendant in the 1999 case filed motions for expungement on the same day. In other words, the immigration judge conducted a factual assessment involving no legal analysis. The exception in section 1252(a)(2)(D) therefore does not apply.

Because we cannot review the agency's factual finding that Figueroa Ochoa was convicted of an offense related to a controlled substance in 1999, we see no error in the agency's denial of the continuance or the motion to remand. Accepting the 1999 conviction as Figueroa Ochoa's, the agency correctly reasoned that no matter what happened

with the 2000 conviction, Figueroa Ochoa would remain ineligible for relief. *See*, *e.g.*, *Flores-Alonso v. United States Att'y Gen.*, 36 F.4th 1095, 1100 (11th Cir. 2022) (per curiam) (holding that *Patel* requires a court to take the agency's factual findings as true and then look at petitioner's brief to see if he "has identified any legal error with respect to the application of the law to those facts established in the [Board's] decision").

The parties emphasize that *Patel* involved direct review of the Board's denial of relief—in that case, adjustment of status—whereas this case involves the review of the agency's denial of a request for a continuance and a motion to remand. According to Figueroa Ochoa, such "procedural" decisions are not subject to the jurisdictional bar; as the government puts it, they are merely "adjunct" to the ultimate decision whether to grant cancellation of removal or adjustment of status.

*Patel* forecloses that argument. As we have explained, section 1252(a)(2)(B)(i) bars review of "any judgment regarding the granting of relief under" the specified provisions. In *Patel*, the Court noted that the word "judgment" could be read in three possible ways. First, it could mean "any authoritative decision." 142 S. Ct. at 1621. Second, it could mean only "a decision that requires the use of discretion." *Id.* at 1622. Third, as Patel suggested, it could mean "only the ultimate grant or denial of relief." *Id.* at 1625. That last interpretation is essentially the one that Figueroa Ochoa advances here, but the Court in *Patel* expressly rejected it. Instead, the Court concluded, the first interpretation "is the only one that fits § 1252(a)(2)(B)(i)'s text and context." *Id.* at 1622.

The Court emphasized that the statute "prohibits review of *any* judgment *regarding* the granting of relief under" the enumerated provisions. *Patel*, 142 S. Ct. at 1622. It explained that "the word 'any' has an expansive meaning" and that the word "regarding" likewise "has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject." *Id.* (first quoting *Babb v. Wilkie*, 140 S. Ct. 1168, 1173 n.2 (2020); then quoting *Lamar, Archer & Cofrin LLP v. Appling*, 138 S. Ct. 1752, 1760 (2018)). Patel's narrower reading, the Court explained, "reads 'regarding' out of the statute entirely." *Id.* at 1625.

That reasoning dictates our decision here. In ruling on the motion for continuance and the motion to remand, the agency assessed how the vacatur of the 2000 conviction would affect Figueroa Ochoa's eligibility for discretionary relief. That is why it necessarily answered the factual question of whether Figueroa Ochoa was convicted in 1999 for being under the influence of a controlled substance. Its answer to that question was indisputably a "judgment"—that is, an "authoritative decision." *Patel*, 142 S. Ct. at 1621. And it was a judgment "regarding the granting of" cancellation of removal and adjustment of status because making it necessarily required the agency to evaluate Figueroa Ochoa's eligibility for such relief. The agency's judgment about the 1999 conviction was thus a judgment relating to— that is, "regarding"—the ultimate decision to cancel removal or adjust status.

For its part, the government relies on *Kucana v. Holder*, 558 U.S. 233 (2010), but its argument parallels one rejected in *Patel*. In *Kucana*, the Court considered a different jurisdiction-stripping provision, section 1252(a)(2)(B)(ii), which states that "no court shall have jurisdiction to review

. . . any other decision or action . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." The Court in *Kucana* construed that language to bar judicial review of only those decisions that are made discretionary by statute, not those made discretionary by regulation. 558 U.S. at 247. Kucana had asked the agency to reopen proceedings (a decision that is discretionary by regulation) so that he could submit new evidence establishing his eligibility for asylum (a non-discretionary determination). The Court held that section 1252(a)(2)(B)(ii) did not bar review of the agency's decision on the motion to reopen. *Id.* at 249.

In *Patel*, the government invoked *Kucana* to argue that section 1252(a)(2)(B)(i) similarly removed jurisdiction "exclusively [for] a decision that requires the use of discretion." 142 S. Ct. at 1622, 1624–25. But the Court rejected that argument, calling *Kucana* "inapposite" because it "neither said nor implied anything about review of eligibility decisions made in the course of exercising th[e] statutory discretion" referred to in section 1252(a)(2)(B)(i), such as cancellation of removal or adjustment of status. *Id.* at 1625. Here, unlike in *Kucana*, the immigration judge's finding—that Figueroa Ochoa, not his brother, was the subject of the 1999 conviction—was determinative of the ultimate granting or denying of relief. Accordingly, nothing in *Kucana* supports the exercise of jurisdiction here.

Our interpretation of section 1252(a)(2)(B)(i) accords with that of the Fifth Circuit, which has applied *Patel* to conclude that a court "lack[s] jurisdiction to review the BIA's decision not to remand to the IJ to consider new evidence" supporting an application for discretionary relief. *Perez v. Garland*, 67 F.4th 254, 257 (5th Cir. 2023). While

some other courts of appeals have adopted a narrower view of the jurisdiction-stripping provision, we believe that our interpretation better comports with the statutory text as interpreted in *Patel*. *See*, *e.g.*, *Llanas-Trejo v. Garland*, 53 F.4th 458, 461–62 (8th Cir. 2022) (relying on *Kucana* and holding that *Patel* is irrelevant in determining whether a court has jurisdiction over motions to reopen even when review would be prohibited for the underlying relief); *Moreno v. Garland*, 51 F.4th 40, 46 (1st Cir. 2022) ("This court has jurisdiction to review denials of motions to reopen, even where the petitioner's ultimate goal before the agency was to garner some form of discretionary relief as to which this court's jurisdiction has been substantially curtailed by statute.").

We note that, before *Kucana* and *Patel*, we had held in *Fernandez v. Gonzales* that a court may review the denial of a motion to reopen proceedings for cancellation of removal in certain circumstances, including if "the evidence submitted addresses a hardship ground so distinct from that considered previously as to make the motion . . . a request for new relief." 439 F.3d 592, 603 (9th Cir. 2006). We need not decide whether that holding survives *Patel* because, even on its own terms, *Fernandez* does not help Figueroa Ochoa. Throughout this case, Figueroa Ochoa has sought cancellation of removal and adjustment of status based on the same theory: that his qualifying relatives would suffer extraordinary hardship from his removal. And although he attempted to submit new evidence with his motion to remand, that evidence related to his 2000 conviction, not the 1999 conviction that formed the basis for the agency's decision and that he now challenges, nor to his underlying claim of hardship. Thus, in the motions whose denial Figueroa Ochoa asks us to review, he did not present "a

request for new relief" within the meaning of *Fernandez. Id.* at 603.

In section 1252(a)(2)(B)(i), Congress forbade us to review "any judgment regarding the granting of relief under" the provisions governing cancellation of removal and adjustment of status except in reviewing constitutional claims and legal questions. That statute applies to factual judgments made in the course of ruling on procedural motions such as those at issue here. We therefore lack jurisdiction over Figueroa Ochoa's challenge to the Board's decision.

**PETITION DISMISSED.**