NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUILLERMO BAYARDO
SANDOVAL; ALBERTA HERNANDEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1443

Agency Nos.
A095-304-031
A095-304-032

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2024[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and CHRISTEN and VANDYKE, Circuit
Judges.

Petitioners Guillermo Bayardo Sandoval and Alberta Hernandez, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("BIA") order denying their motion to reopen. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition in part and dismiss it in part.

We review the BIA's denial of a motion to reopen for abuse of discretion and defer unless the BIA "acted arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review legal issues de novo and factual findings for substantial evidence. *Id.* To obtain relief on a motion to reopen based on changed country conditions,[1] Petitioners must "clear four hurdles" by: (1) producing evidence of changed country conditions that (2) is material and (3) was previously unavailable, and (4) demonstrating that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for relief. *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (citation omitted).

1. The BIA did not abuse its discretion by denying the motion to reopen because Petitioners did not produce evidence showing a material change in country conditions. We begin with Guillermo's declaration, which states that Guillermo's brother Aciano disappeared after Aciano publicly refused to help the Zetas cartel

---

[1] Although Petitioners' motion to reopen is both time-barred and number-barred, 8 U.S.C. § 1229a(c)(7)(A), (C), an exception to those restrictions applies if the motion is based on changed country conditions. *Greenwood v. Garland*, 36 F.4th 1232, 1235 (9th Cir. 2022) (citing 8 U.S.C. § 1229a(c)(7)(C)(ii)).

traffic drugs in 2018. Petitioners fail to show that this evidence reflects a change that is material to their claim of feared harm in Mexico. The declaration does not assert that the Zetas harmed Aciano, and instead states that Aciano may have "fled to another part of Mexico or came to the U.S. and applied for asylum." The declaration also does not suggest that the Zetas have contacted Petitioners or any family members other than Aciano. Accordingly, this evidence reflects the general problem of violent crime perpetrated by Mexican drug cartels, and it is not "qualitatively different from the evidence presented at the previous hearing." *Reyes-Corado v. Garland*, 76 F.4th 1256, 1262 (9th Cir. 2023) (internal quotation marks omitted) (quoting *Najmabadi*, 597 F.3d at 987).

With respect to Petitioners' country conditions evidence, it shows that violent crime at the hands of Mexican drug cartels like the Zetas has been ongoing for decades. The BIA did not act arbitrarily, irrationally, or contrary to law by concluding that the evidence did not demonstrate that such violence materially worsened between June 15, 2006 (the date of Petitioners' final hearing) and November 8, 2021 (the date of Petitioners' motion to reopen). *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) ("[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen."). For example, a 2020 article about the Zetas notes that over 250,000

people have been killed since Mexico began its drug war in 2006. This evidence reflects "'continuing' or 'remaining' problems" and does not establish a material change in conditions in Mexico between 2006 and 2021. *Rodriguez*, 990 F.3d at 1210.

2. We lack jurisdiction to review the BIA's denial of Alberta's request to reopen proceedings to apply for cancellation of removal. For decisions relating to the granting or denying of cancellation of removal, we retain jurisdiction only to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); *see also Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1294–95 (9th Cir. 2024). Because Petitioners do not advance any legal or constitutional claims, we lack jurisdiction to review this aspect of the BIA's decision.

**PETITION DENIED in PART and DISMISSED in part.**