**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOISES ELIAS PEREZ TORRES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-122

Agency No.
A070-289-956

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2024**
Pasadena, California

Before: SCHROEDER, R. NELSON, and MILLER, Circuit Judges.

Moises Elias Perez Torres, a native and citizen of Nicaragua, petitions for review of a Board of Immigration Appeals decision denying his motion to remand to seek cancellation of removal. We lack jurisdiction to review that decision and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

therefore dismiss the petition.

We are barred from reviewing "'any judgment regarding the granting of relief under' the provisions governing cancellation of removal . . . except in reviewing constitutional claims and legal questions." *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1295 (9th Cir. 2024) (quoting 8 U.S.C. § 1252(a)(2)(B)(i)). That jurisdictional bar extends to rulings on procedural motions relating to an alien's eligibility for discretionary relief. *Id.* at 1293–94.

Perez Torres applied for cancellation of removal. The immigration judge denied his application on several grounds, including that he lacked a qualifying relative for such relief. On appeal, Perez Torres filed a motion to remand, arguing that he, in fact, has a qualifying relative for purposes of cancellation of removal and, for the first time, presenting evidence of that relative. In dismissing his appeal, the Board denied the motion to remand because Perez Torres presented his arguments "for the first time on appeal," as well as for the "independent reason" that he had "not carried his heavy burden to show that he has a qualifying relative." *See Matter of L-A-C-*, 26 I. & N. Dec. 516, 526 (B.I.A. 2015).

Because the agency denied Perez Torres's motion to remand based on its determination that he failed to establish that he has a qualifying relative, it made a judgment grounded in factual findings that we lack jurisdiction to review. *See Figueroa Ochoa*, 91 F.4th at 1293–94; *see also Patel v. Garland*, 596 U.S. 328,

347 (2022). And although Perez Torres argues that the Board erred in applying the standard for a motion to reopen when assessing his motion to remand, we have held that the requirements for both types of motions are essentially the same. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015). Thus, because Perez Torres raises no colorable constitutional or legal challenge to the agency's decision, the exceptions to the preclusion of jurisdiction do not apply.

**PETITION DISMISSED.**