NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELDER ALEXANDER ESTRADA DE
LEON,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-642

Agency No.
A077-349-181

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2024**
Pasadena, California

Before: SCHROEDER, R. NELSON, and MILLER, Circuit Judges.

Elder Alexander Estrada De Leon, a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals decision affirming an

immigration judge's denial of his application for cancellation of removal and his

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion for a continuance related to his application for adjustment of status. We lack jurisdiction to review Estrada De Leon's challenge to the agency's judgment regarding his applications for cancellation of removal and adjustment of status, including his related motion to continue.

Congress has eliminated our "jurisdiction to review . . . any judgment regarding the granting of relief under" the provisions governing cancellation of removal and adjustment of status, except to the extent that challenges to those judgments raise constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(B). This jurisdictional bar applies to rulings on procedural motions that require evaluating the petitioner's eligibility for discretionary relief. *See Patel v. Garland*, 596 U.S. 328, 338–39 (2022); *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1294 (9th Cir. 2024).

The agency's determination that Estrada De Leon failed to establish good cause for a continuance was a "judgment regarding the granting of" adjustment of status because it required the agency to assess the likelihood that "he would be eligible for adjustment of status upon the approval of a visa petition filed on his behalf by his United States citizen spouse." *See* 8 C.F.R. § 1003.29; *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018) ("An immigration judge considering a motion for continuance to await the resolution of a collateral matter must focus principally on two factors: (1) the likelihood that the alien will receive the

23-642

collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings.").

The agency's denial of Estrada De Leon's application for cancellation of removal likewise hinged on factual findings that we lack jurisdiction to review, including his disqualifying criminal conviction and failure to comply with biometric instructions and filing requirements. *See Patel*, 596 U.S. at 347 ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under . . . provisions enumerated in § 1252(a)(2)(B)(i).").

The statute's exception to the preclusion of jurisdiction does not apply because Estrada De Leon does not advance a colorable claim challenging legal or constitutional errors in the agency's decision. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) (holding that "an abuse of discretion argument" does not "create the jurisdiction that Congress chose to remove").

**PETITION DISMISSED.**