**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 19 2024**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RUBEN AGUIRRE GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1633<br><br>Agency No.<br>A205-536-223<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2024**
Pasadena, California

Before: SCHROEDER, R. NELSON, and MILLER, Circuit Judges.

Jose Ruben Aguirre Gonzalez, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals decision affirming an immigration

judge's order of removal and denial of his motion for a continuance related to his

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for adjustment of status. We dismiss the petition.

Aguirre Gonzalez requested a continuance so that he could reconcile with his wife, a U.S. citizen, and so that she might re-file an I-130 visa petition in support of his application for adjustment of status. The immigration judge determined that Aguirre Gonzalez did not demonstrate good cause under 8 C.F.R. § 1003.29 and denied the continuance.

Except for constitutional claims and legal questions, we may not review "any judgment regarding the granting of relief under [8 U.S.C.] § 1255 and the other enumerated provisions"—including provisions governing cancellation of removal and adjustment of status. *Patel v. Garland*, 596 U.S. 328, 338 (2022) (emphasis omitted); 8 U.S.C. § 1252(a)(2)(B)(i). That jurisdictional bar extends to procedural decisions, including an agency's denial of a request for a continuance. *See Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1294 (9th Cir. 2024). Here, the agency's ruling on Aguirre Gonzalez's motion for a continuance was based on its evaluation of Aguirre Gonzalez's eligibility for adjustment of status. *See Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (A.G. 2018) ("[T]he good-cause assessment under 8 C.F.R. § 1003.29 . . . . must focus principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings."). Accordingly, it was a "judgment 'regarding' that ultimate decision" to adjust status. *Patel*, 596

U.S. at 344. We therefore lack jurisdiction over Aguirre Gonzalez's challenge to the continuance's denial. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

**PETITION DISMISSED.**