NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS VALDEZ-MORALES,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No. 23-1313

Agency No.
A204-683-622

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2024[**]
Phoenix, Arizona

Before: PAEZ, BERZON, and OWENS, Circuit Judges.

    Jesus Valdez-Morales petitions for review of a decision by the Board of

Immigration Appeals ("BIA") dismissing his appeal of a decision by an

immigration judge ("IJ") ordering him removed to Mexico. The IJ denied Valdez-

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Morales's application for cancellation of removal. On appeal to the BIA, he requested that his case be administratively closed so that he could seek legal status through his U.S. citizen wife. The BIA denied that request. In this proceeding, he challenges that decision as an abuse of discretion. Exercising jurisdiction under 8 U.S.C. § 1252, we grant the petition and remand to the BIA for reconsideration of the closure request under the requisite legal standard.

Valdez-Morales, a native and citizen of Mexico, entered the United States without inspection in 1997, when he was five years old. In 2019, he was placed in removal proceedings, wherein he conceded removability and applied for cancellation of removal. The month prior to his final hearing before an IJ, he married a U.S. citizen. After the IJ denied his application for cancellation of removal, Valdez-Morales appealed to the BIA, requesting administrative closure to pursue legal status as an immediate relative of his wife. The BIA dismissed his appeal, reasoning only that Valdez-Morales "has not submitted evidence that a visa petition has been filed or granted on his behalf" so "[a]ny future relief based on an approved I-130 is speculative at this point." Before us, Valdez-Morales argues that the BIA failed to apply the legal standard set forth in *Matter of Avetisyan*, 25 I.&N. Dec. 688 (BIA 2012), as clarified by *Matter of W-Y-U-*, 27 I.&N. Dec. 17 (BIA 2017).

1. Before considering the merits, we address the government's argument that 8 U.S.C. § 1252(a)(2)(B)(i) strips us of our jurisdiction to review the BIA's denial of administrative closure. Administrative closure decisions are reviewable under 8 U.S.C. § 1252. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir. 2018). Section 1252(a)(2)(B)(i), however, bars judicial review of "any judgment regarding the granting of relief" under several statutory provisions corresponding to discretionary forms of immigration relief.

In *Patel v. Garland*, the Supreme Court held that § 1252(a)(2)(B)(i) bars judicial review of factual findings underlying a determination of ineligibility for any of the statute's enumerated forms of discretionary relief. 596 U.S. 328, 338-39 (2022). Subsequently, in *Figueroa Ochoa v. Garland*, we held that § 1252(a)(2)(B)(i) bars review of factual findings underlying ineligibility determinations for enumerated forms of relief, even where the petitioner seeks review of an order denying a continuance and the ineligibility determination is the basis for that order. *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1293 (9th Cir. 2024), *cert. denied sub nom. Ochoa v. Garland*, No. 23-1003, 2024 WL 4426538 (U.S. Oct. 7, 2024).

Valdez-Morales argues that the BIA failed to apply the correct legal standard in adjudicating his administrative closure request. Because he does not seek review of facts underlying a finding of ineligibility for one of the statute's enumerated

discretionary relief provisions, § 1252(a)(2)(B)(i) does not apply and we have jurisdiction to review Valdez-Morales's arguments.

2. Administrative closure decisions are reviewed for abuse of discretion. *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1209 (9th Cir. 2022). *Matter of Avetisyan* identifies a number of factors that the agency should consider when evaluating whether to administratively close a case. 25 I.&N. Dec. at 696. *Matter of W-Y-U-* subsequently "clarified" the *Avetisyan* factors, holding that "[t]he primary consideration for an Immigration Judge in evaluating whether to administratively close or recalendar proceedings is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits." 27 I.&N. Dec. at 20.

The BIA's decision denying Valdez Morales's administrative closure request did not reference the six *Avetisyan* factors or the clarifying language in *Matter of W-Y-U-*. In stating that "any future relief . . . is speculative," the BIA arguably analyzed the third *Avetisyan* factor—the likelihood of obtaining the relief sought. But it did not consider whether an I-130 visa petition is a valid or justified reason to seek administrative closure (factor 1), the amount of time that such a process might require (factor 4), the extent to which Valdez-Morales or the government bears responsibility for contributing to the need for delay (factor 5), or the likely outcome of removal proceedings upon recalendaring (factor 6). *Cf.*

*Marquez-Reyes*, 36 F.4th at 1209 (upholding denial of administrative closure where the agency engaged in a robust and explicit analysis of five *Avetisyan* factors).

Most importantly, the BIA did not consider the "primary consideration": "whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits." *Matter of W-Y-U-*, 27 I.&N. Dec. at 17. Here, the government did not provide any reason for the case to proceed, nor did it oppose the closure motion. *Matter of W-Y-U-* requires the agency to treat the lack of opposition as the most important factor in deciding whether to grant administrative closure.

The BIA abused its discretion in failing to correctly apply *Avetisyan* and *Matter of W-Y-U-* in evaluating Valdez Morales's administrative closure request. After the BIA issued its decision, the Executive Office of Immigration Review promulgated a final rule codifying and expanding *Avetisyan* and *Matter of W-Y-U-*. 89 Fed. Reg. 46742, 46789 (May. 29, 2024) (codified at 8 C.F.R. § 1003.1(l)(3)(i)). Among other changes, this rule admonishes that "no single factor is dispositive." *Id*. We remand for reconsideration of the administrative closure request under 8 C.F.R. § 1003.1(l)(3).

**PETITION GRANTED AND REMANDED.**

23-1313