NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONATO AGUIRRE-AGUIRRE,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3005

Agency No.
A027-731-787

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Ramon Martinez Garcia[1] ("Martinez") petitions for review of a Board of

Immigration Appeals ("BIA") decision denying his motion to reopen proceedings

based on new evidence after the BIA dismissed his appeal from an immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Donato Aguirre-Aguirre is a name that Martinez previously used. We use Martinez's legal name.

judge's ("IJ") denial of his applications for adjustment of status and voluntary departure. We dismiss the petition for lack of jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review discretionary decisions granting or denying relief from removal, including adjustment of status and voluntary departure. *Patel v. Garland*, 596 U.S. 328, 347 (2022). This limitation extends "to factual judgments made in the course of ruling on procedural motions," such as motions to reopen proceedings. *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1295 (9th Cir. 2024).

Martinez seeks to reopen his case based on new evidence that he believes undermines the IJ's adverse credibility determinations and findings of abuse, on which the IJ based his denial of discretionary relief. The BIA denied the motion to reopen because it found that, even if the new evidence were true, it would not likely change the outcome of Martinez's case. Because Martinez's claims challenge only the factual findings underlying the BIA's denial of his motion to reopen, we lack jurisdiction to review the BIA's decision.

The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal, Dkt. 3, is otherwise denied.

The petition is **DISMISSED.**