NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR ISAIN ARTEAGA MARTINEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3414

Agency No.
A073-906-844

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2025**
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Oscar Isain Arteaga-Martinez ("Arteaga") petitions for review of a Board of

Immigration Appeals ("BIA") decision denying his motion to reopen proceedings

after the BIA dismissed his appeal from an immigration judge's ("IJ") denial of his

applications for adjustment of status and waiver of inadmissibility. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We deny the petition.

The BIA denied Arteaga's motion to reopen because it concluded that, even if he were eligible for waiver of inadmissibility and adjustment of status, he would not be granted relief as a matter of discretion. To the extent that Arteaga disputes this ultimate discretionary decision, we lack jurisdiction. 8 U.S.C. § 1252(a)(2)(B)(i); *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1295 (9th Cir. 2024) (holding that the jurisdictional limitation on reviewing discretionary judgments extends to discretionary determinations "made in the course of ruling on procedural motions," such as motions to reopen).

But we retain jurisdiction to review constitutional and legal questions. 8 U.S.C. § 1252(a)(2)(D). Arteaga argues that the BIA failed to consider all the positive factors in his case when denying discretionary relief, which can be construed as a claim that the BIA "violated his right to due process by failing to consider relevant evidence." *Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000). We review due process claims de novo. *Id.* at 1095. "We start with the presumption that the BIA reviewed the record and considered all relevant evidence." *Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023).

There is no evidence that the BIA failed to consider all the positive factors in Arteaga's case. The BIA stated that Arteaga's criminal convictions "outweigh his equities," indicating that it considered the positive factors. Additionally, the BIA

referenced the IJ's discussion of the factors, and the IJ fully considered each positive factor. Absent "some indication that the BIA overlooked relevant evidence, including by 'misstating the record or failing to mention highly probative or potentially dispositive evidence,'" Arteaga cannot rebut the presumption that the BIA considered all the positive factors. *Park*, 72 F.4th at 979 (quoting *Hernandez v. Garland*, 52 F.4th 757, 771–72 (9th Cir. 2022)). His due process claim fails.

Because the BIA's determination that Arteaga "would not be entitled to the discretionary grant of relief" is an independently sufficient ground for denying the motion to reopen, *INS v. Abudu*, 485 U.S. 94, 105 (1988), we do not reach the BIA's other ground for denial.

The petition is **DENIED.**