NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO LIRA ROLDAN, | No. 23-89 |
| Petitioner, | Agency No. A088-673-262 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Antonio Lira Roldan, a citizen of Mexico, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the

immigration judge's ("IJ") denial of cancellation of removal and voluntary

departure. "Where the BIA issues its own decision but relies in part on the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (internal citation omitted).  We deny the petition.

Per 8 U.S.C. § 1252(a)(2), we do not have jurisdiction over removal orders denying cancellation of removal or removal orders denying voluntary departure.  *See Wilkinson v. Garland*, 601 U.S. 209, 218 (2024).  However, per § 1252(a)(2)(D), we have jurisdiction over "constitutional claims or questions of law."  *Wilkinson*, 601 U.S. at 218.

Cancellation of removal requires a petitioner to show "that removal would result in exceptional and extremely unusual hardship" to a qualifying relative.  8 U.S.C. § 1229b(b)(1)(D).  Here, in addition to finding Roldan did not meet this bar, the IJ denied relief as a matter of discretion, which we cannot review.

Similarly, "we lack jurisdiction to reweigh the agency's exercise of discretion in denying voluntary departure."  *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021).  Here, the IJ denied voluntary departure based on discretion, which we cannot review.

The agency's decision to deny the request for continuance relates to the IJ's judgment regarding cancellation of removal, so we only have jurisdiction to review constitutional claims or questions of law.  *Id.*; *see also Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1293–94 (9th Cir.) (2024), *cert. denied sub nom. Ochoa v. Garland*, 145 S. Ct. 137 (2024).  Reviewing de novo Roldan's due process

challenge, Roldan was not denied the opportunity for a full and fair hearing as his wife testified regarding her heart condition despite refusal of a continuance. *Cf. Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) (holding a respondent was denied a full and fair hearing where her request for a continuance to obtain a psychological evaluation for her child was denied and she was precluded from giving full testimony on her child's condition).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**