**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ANDRES ANTONIO AVINA CRUZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3879

Agency No.
A206-150-594

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2026[**]
San Francisco, California

Before: M. SMITH and R. NELSON, Circuit Judges, and LEFKOW, District
Judge.[***]

Petitioner Andres Antonio Avina Cruz seeks review of a Board of

Immigration Appeals' (BIA) decision denying his motion to reopen, so that he may

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

apply for cancellation of removal. We dismiss the petition for lack of jurisdiction.

8 U.S.C. § 1252 governs judicial review of removal orders. In relevant part, § 1252(a)(2)(B)(i) strips the federal courts of jurisdiction over "any judgment regarding the granting of relief under section . . . 1229b [cancellation of removal]." We have held that "the jurisdiction-stripping provision 'encompasses any and all decisions relating to the granting or denying of discretionary relief.'" *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1293 (9th Cir. 2024) (quoting *Patel v. Garland*, 596 U.S. 328, 337 (2022)). Because the BIA denied Avina Cruz's motion partially on the ground that he did not warrant cancellation of removal under § 1229b, we lack jurisdiction to review the BIA's decision.

Avina Cruz argues that his case falls under an exception to the jurisdiction-stripping provision. § 1252(a)(2)(D) exempts judicial "review of constitutional claims or questions of law" from the stripping provision. Avina Cruz argues that "the Board's application of the cancellation hardship standard to a given set of facts is a mixed question of law and fact, and thus reviewable." It is true such mixed questions arise in other contexts; the Supreme Court recently held that whether a given set of facts rises to the level of "exceptional and extremely unusual hardship" is a reviewable, mixed question of law for purposes of § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). If the BIA's decision ended at its holding that Avina Cruz has not established "hardship rising to the level of exceptional and

extremely unusual hardship," *Wilkinson* might control.

But the BIA did not end there. The BIA determines cancellation of removal through a two-step process by first determining whether the petitioner is prima facie eligible and then deciding "whether to exercise discretion to cancel the order of removal in a particular case." *Wilkinson*, 601 U.S. at 213. In *Wilkinson*, the Court held that there was jurisdiction because the IJ's decision held only that the petitioner's hardship "did not satisfy the statutory eligibility criteria." *Id.* at 218. Importantly, the IJ "never reached the second step and exercised his unreviewable discretion to cancel or decline Wilkinson's removal." *Id.* That is different from here, where the BIA explicitly reached the discretionary second step in its analysis.

Avina Cruz argues that this discretionary step is a similar mixed question of law and fact and thus reviewable. This ignores the Supreme Court's note in *Wilkinson* that beyond the first step, the IJ's "step-two discretionary determination on whether or not to *grant* cancellation of removal in the particular case is not reviewable as a question of law." 601 U.S. at 225 n.4 (emphasis in original). As a result, we are unable to review the BIA's denial of the motion to reopen because we lack jurisdiction over its ultimate and sufficient conclusion that Petitioner had not shown he merited a favorable exercise of discretion.[1] We therefore dismiss the

---

[1] Because we cannot review the BIA's step-two determination, we need not address Avina Cruz's other arguments on reopening and the step-one determination, as the discretionary denial is sufficient on its own. *See INS v. Bagamasbad*, 429

petition for lack of jurisdiction.[2]

**PETITION DISMISSED.**

---

U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

[2] We also deny Petitioner's motion to stay removal (Dkt. No. 3) as moot.