**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADRIAN VILLA-IBARRA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 21-314

Agency No.
A209-158-671

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026**
San Francisco, California

Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Adrian Villa-Ibarra, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") that dismissed

his appeal from an order by an immigration judge ("IJ") denying his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal and denying his motion to remand.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). To the extent we have jurisdiction over the BIA's denial of cancellation of removal, we review de novo constitutional claims and pure questions of law. *Lemus-Escobar v. Bondi*, 158 F.4th 944, 952–53 (9th Cir. 2025) (citing 8 U.S.C. § 1252(a)(2)(D)). And to the extent we have jurisdiction over the BIA's denial of the motion to remand, we review for abuse of discretion. *See id.*; *see also Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (analogizing motions to reopen with motions to remand). We dismiss in part and deny in part the petition for review.

1.      We lack jurisdiction over the BIA's discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). On de novo review, the BIA determined Villa-Ibarra was statutorily ineligible for cancellation of removal because he had "not demonstrated that his removal would result in exceptional and extremely unusual hardship" for his children. The BIA separately determined Villa-Ibarra was "ineligible for cancellation of removal" because it "conclude[d] that the respondent does not warrant a favorable exercise of discretion." This latter discretionary determination is unreviewable and dispositive. *See Wilkinson v.*

*Garland*, 601 U.S. 209, 225 n.4 (2024); *Lemus-Escobar*, 158 F.4th at 952 ("purely discretionary decisions . . . remain unreviewable").

2.     We also lack jurisdiction over the BIA's discretionary denial of Villa-Ibarra's motion to remand on the grounds that the new evidence would likely not change its discretionary denial. The BIA evaluated "respondent's new evidence," which it found "material to his application for cancellation or removal," but "was still not persuaded" that with the new evidence "that [Villa-Ibarra] will be able to demonstrate that he warrants a *favorable exercise of discretion*." Because we lack jurisdiction over the BIA's discretionary determination as to cancellation of removal, we also "lack[] jurisdiction to review the BIA's decision not to remand to the IJ to consider new evidence supporting an application for discretionary relief." *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1295 (9th Cir. 2024) (citation omitted); *see also Lemus-Escobar*, 158 F.4th at 966.

3.     Although "§ 1252(a)(2)(D) restores our jurisdiction over 'constitutional claims' and . . . 'questions of law,'" *Lemus-Escobar*, 158 F.4th at 953, Villa-Ibarra's due process claims are unsupported by the record. Moreover, we decline to address his claims of ineffective assistance of counsel ("IAC") and a defective Notice to Appear because they were not exhausted. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (requiring prudential exhaustion of a noncitizen's IAC claim through a motion to reopen before the BIA because agency

consideration was necessary to generate a proper record for review); *see also*

*Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021) ("The proper way to

raise and exhaust an ineffective assistance of counsel claim in this situation is

through a motion to reopen before the agency."); *cf. Suate-Orellana v. Garland*,

101 F.4th 624, 629–30 (9th Cir. 2024) (reviewing a BIA decision addressing a

non-jurisdictional claim of a defective NTA based on the language of 8 U.S.C.

§ 1229(a)(1) despite *Matter of Fernandes*, 28 I. & N. Dec. 605 (BIA 2022), not

having been decided yet).

**PETITION DISMISSED in part and DENIED in part.**