# United States Court of Appeals
# For the Second Circuit

August Term 2024
Submitted: October 21, 2024
Decided: August 14, 2025

No. 23-6714

SAUL HERNANDEZ FLORES,

*Petitioner*,

*v.*

PAMELA BONDI, United States Attorney General,

*Respondent*.[*]

On Petition for Review of an Order of
the Board of Immigration Appeals.

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Before:     LYNCH, PARK, and LEE, *Circuit Judge*s.

Petitioner Saul Hernandez Flores is a Mexican citizen unlawfully present in the United States.  An immigration judge ("IJ") denied his request for a continuance of removal proceedings and ordered his removal.  Petitioner appealed to the Board of Immigration Appeals ("BIA") and moved to remand, claiming ineffective assistance of counsel.  The BIA affirmed the decision of the IJ and denied the motion to remand.  In his petition for review to this Court, Petitioner argues that (1) the agency abused its discretion in finding that he failed to show good cause for a continuance, and (2) his prior counsel provided constitutionally ineffective assistance.  We reject both arguments.  The agency did not abuse its discretion in denying a continuance because Petitioner failed to establish that a qualifying family member would suffer "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D).  Nor did the agency err in denying Petitioner's motion to remand because he failed to show that he was prejudiced by a deficient performance of counsel.  The petition for review is **DENIED**.

Judge Park concurs in a separate opinion.

————

> Lisa D. Mendel, Adam M. Breault, Meyers & Meyers, PLLC, Albany, NY, *for Petitioner*.

> Brian Boynton, Cindy S. Ferrier, Sunah Lee, United States Department of Justice, Washington, DC, *for Respondent*.

————

2

PER CURIAM:

Petitioner Saul Hernandez Flores is a Mexican citizen unlawfully present in the United States. An immigration judge ("IJ") denied his request for a continuance of removal proceedings and ordered his removal. Petitioner appealed to the Board of Immigration Appeals ("BIA") and moved to remand, claiming ineffective assistance of counsel. The BIA affirmed the decision of the IJ and denied the motion to remand. In his petition for review to this Court, Petitioner argues that (1) the agency abused its discretion in finding that he failed to show good cause for a continuance, and (2) his prior counsel provided constitutionally ineffective assistance. We reject both arguments. The agency did not abuse its discretion in denying a continuance because Petitioner failed to establish that a qualifying family member would suffer "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D). Nor did the agency err in denying Petitioner's motion to remand because he failed to show that he was prejudiced by a deficient performance of counsel. The petition for review is denied.

## I. BACKGROUND

A.    Factual Background

In 2002, Petitioner Saul Hernandez Flores—a Mexican citizen—entered the United States illegally. On four separate occasions between 2003 and 2004, U.S. Border Patrol arrested him and granted his voluntary return to Mexico.

In February 2018, U.S. Immigration and Customs Enforcement took Petitioner into custody. That same month, the U.S. Department

of Homeland Security filed a Notice to Appear with the Immigration Court, charging Petitioner with being removable as "[a]n alien present in the United States without being admitted or paroled" under 8 U.S.C. § 1182(a)(6)(A)(i).

B.     Procedural History

In March 2018, Petitioner requested a three-week continuance of his removal proceedings to allow time for attorney preparation. The IJ granted the request.  In May 2018, Petitioner received another continuance for attorney preparation.  And in November 2018, the IJ gave Petitioner a third continuance so that his attorney could prepare a motion to terminate removal proceedings, which the IJ later denied.

In March 2019, Petitioner conceded removability.  But he argued that he would be eligible for cancellation of removal in September, when his girlfriend would be giving birth to their child. *See* 8 U.S.C. § 1229b(b)(1)(D); *see also Wilkinson v. Garland*, 601 U.S. 209, 211-12 (2024) ("To be eligible for cancellation of removal and adjustment to lawful permanent resident status, a noncitizen must meet four statutory criteria," the last of which "requires a showing that the noncitizen's removal would result in 'exceptional and extremely unusual hardship' to a U.S.-citizen or permanent-resident family member.").[1]  So Petitioner made yet another request for a continuance.

---

[1] The other three conditions, which are not at issue, require that "the alien . . . has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; has been a person of good moral character during such period;

The IJ declined to grant a fourth continuance, finding Petitioner's eligibility for cancellation to be "clearly speculative." Certified Administrative Record ("CAR") at 57. But the IJ agreed to set the next hearing—concerning Petitioner's alternative request for a pre-conclusion voluntary departure—for late September, after his girlfriend's due date.

In August 2019, Petitioner moved again for a continuance. He argued that once his girlfriend gave birth, he would "suddenly have a newly born U.S. citizen infant to support and the hardship caused by his removal would be the basis of an extreme hardship claim." CAR at 263. Petitioner appended to the motion a photocopy of a sonogram and a certificate of professional care from a physician. The IJ denied the motion, finding that "good cause [had] not [been] shown." *Id.* at 260.

At the deferred hearing on Petitioner's voluntary departure request, he renewed his request for a continuance by offering "additional documentation," including a self-reported acknowledgment of paternity for the birth of a daughter. CAR at 66. Petitioner stated that an "actual certificate of birth" had not yet been received but was expected within "two or three days." *Id.* at 68, 71.

The IJ declined to wait. She noted that she had already granted Petitioner "a generous amount" of time—"in excess of six months"—so that the hearing could be held "just beyond the birth of his child."

---

[and] has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5)." 8 U.S.C. § 1229b(b)(1)(A)-(C).

CAR at 71-72. And she explained that his "eleventh-hour request" failed to "constitute[] good cause for a continuance":

> The Court is familiar with the fact that . . . cases when paternity is argued . . . generally [have] a birth certificate which is proffered to the Court. That is a certificate that is widely recognized in all states as being an acknowledgement but also demonstration of paternity that is filed usually with a registrar in the county where the child is born. In this case, this is simply a document that [Petitioner] has fil[l]ed out wherein he is claiming that he is the father of the newborn but without more, the Court can't accept this as being tantamount to evidence, credible evidence that he in fact is the father of a United States citizen child. I would also note that . . . there still would have to be a demonstration of exceptional and extremely unusual hardship that [Petitioner's] removal from the United States would cause to this newborn child . . . . So, I'm sorry . . . but if you are requesting a continuance, I cannot grant that request based on the evidence that's before me.

CAR at 70.

The IJ issued an oral decision reiterating that Petitioner's documentation "does not rise to the level of good cause which would allow this Court . . . to grant a continuance of these removal proceedings." CAR at 174. And because Petitioner was "not willing at this time to accept pre-conclusion voluntary departure," the IJ ordered his removal to Mexico. *Id.* at 175.

Petitioner timely filed a Notice of Appeal with the BIA and sought to reopen removal proceedings and to remand the case to the

IJ.  He claimed that he had received ineffective assistance of counsel ("IAC") because his prior counsel failed to advise him that marrying his girlfriend would have made her teenage son—Brencis—a qualifying relative.  Petitioner explained that Brencis "suffers serious emotional damage from witnessing the physical abuse his mother . . . endured at the hands of his father" and would undergo exceptional and extremely unusual hardship if Petitioner were removed to Mexico.  CAR at 108.

Petitioner also submitted his appeal brief and motion to remand, challenging the IJ's decision to deny a continuance.  First, he claimed that the IJ erred by relying on the good-cause standard set forth in *Matter of L-A-B-R-*, 27 I. & N. Dec. 405 (A.G. 2018), which he argued applied only to "continuance motions made for the purpose of seeking collateral relief in another forum."  CAR at 20.  Second, he maintained that, in any event, he satisfied that good-cause standard because he was "diligent in pursuing cancellation" and because a continuance would affect the outcome of his proceedings.  *Id.* at 17.

The BIA dismissed Petitioner's appeal.  First, it upheld the IJ's denial of the motion for a continuance, finding Petitioner's argument about *Matter of L-A-B-R-* "misplaced" because "nothing in the decision . . . forecloses application of its general analytical framework to motions . . . for the acquisition of additional evidence."  CAR at 4.  The BIA also agreed with the IJ that Petitioner "did not demonstrate good cause for a continuance."  *Id.*  It noted that "[i]nasmuch as [Petitioner] failed to establish paternity, and therefore statutory eligibility for cancellation of removal, he failed to show that a further delay would materially affect the outcome of the proceedings, which

7

is the primary focus of a good-cause inquiry." *Id.* And the BIA explained that "it is not clear that [Petitioner] is otherwise prima facie eligible for relief" because "nothing in the record . . . indicate[s] that [his] removal would result in hardship to the child that is substantially above and beyond that normally experienced by a qualifying relative" or that Petitioner could establish "continuous physical presence," "good moral character," "the absence of disqualifying convictions, or that he would merit a favorable exercise of discretion." *Id.*

Second, the BIA rejected the IAC claim. It explained that it was "not persuaded" that Petitioner was prejudiced by his prior counsel's performance because "no evidence . . . corroborate[d] the claim that [he] had a potentially successful claim for cancellation of removal based upon hardship to a qualifying stepchild." CAR at 4-5. The BIA also noted that "marriages entered into in removal proceedings are presumptively fraudulent," so "it appears that prior counsel may simply have made a reasonable strategic decision not to pursue the application." *Id.* at 5.

## II. DISCUSSION

Petitioner argues that the agency abused its discretion in finding that he failed to show good cause for a continuance of his removal proceedings. He also claims that the BIA erred in denying his motion to remand due to ineffective assistance of counsel. We reject both arguments.

A.      Legal Standard

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) (quotation marks omitted). "When the decision of the BIA is consistent with the decision of the IJ, we may consider both decisions for the sake of completeness." *Singh v. Garland*, 11 F.4th 106, 112 (2d Cir. 2021) (quotation marks omitted). "We review factual findings for substantial evidence and questions of law and the application of law to fact *de novo*." *Castellanos-Ventura v. Garland*, 118 F.4th 250, 253 (2d Cir. 2024).

B.      Request for a Continuance

1.      *Jurisdiction*

As an initial matter, the government argues that we lack jurisdiction to review the agency's denial of Petitioner's motion for a continuance. We disagree.

"Because executive determinations generally are subject to judicial review, we presume that review is available when a statute is silent." *Patel v. Garland*, 596 U.S. 328, 346 (2022) (cleaned up). "[O]nly upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." *Bowen v. Michigan Acad. of Fam. Physicians*, 476 U.S. 667, 671 (1986) (quotation marks omitted). *See also Kucana v. Holder*, 558 U.S. 233, 237 (2010) ("We take account . . . of the presumption favoring interpretation of statutes to allow judicial review of administrative action.").

9

Section 1252 of Title 8 "generally grants federal courts the power to review final orders of removal." *Wilkinson*, 601 U.S. at 218. But it "strips courts of jurisdiction for certain categories of removal order" and "restores jurisdiction to review 'constitutional claims or questions of law.'" *Id.* (quoting 8 U.S.C. § 1252(a)(2)(D)). Relevant here, § 1252(a)(2)(B)(i) precludes review of "any judgment regarding the granting of relief under section . . . 1229b."

According to the government, Petitioner's request for a continuance falls within the scope of § 1252(a)(2)(B)(i) because the "denial of the continuance required the agency to evaluate [his] eligibility for cancellation of removal." Respondent's Br. at 15. The government relies on *Patel*, in which the Supreme Court held that "§ 1252(a)(2)(B)(i)'s prohibition encompasses any and all decisions relating to the granting or denying of discretionary relief." 596 U.S. at 337 (quotation marks omitted). Under *Patel*'s "broad approach to 'any' and 'regarding,'" the government argues, the IJ's "factual finding" that Petitioner failed to establish a qualifying relative was a "'judgment relating'" to his application for cancellation of removal. *See* Respondent's Br. at 14-15.

This Court has already held that we have jurisdiction to review decisions of the BIA affirming denials of continuances by IJs during removal hearings. *See Sanusi v. Gonzales*, 445 F.3d 193, 198-200 (2d Cir. 2006). And since *Patel*, we have reaffirmed that holding on the basis that *Patel* "did not directly address decisions made prior to adjudicating an application for discretionary relief." *Toxtega-Olin v. Garland*, No. 22-6537, 2024 WL 807436, at *1 (2d Cir. Feb. 27, 2024); *see also Agard v. Garland*, No. 23-6347, 2024 WL 1433337, at *1 (2d Cir. Apr.

3, 2024). Instead, *Patel* "discussed [only] the judgments the agency makes in determining an applicant's eligibility for discretionary relief and whether such relief should be granted as a matter of discretion." *Toxtega-Olin*, 2024 WL 807436, at *1.

Because *Patel* concerned the *merits* of an application for final relief, not a request for a continuance of proceedings, "*Patel* has thus not abrogated our decision in *Sanusi*." *Toxtega-Olin*, 2024 WL 807436, at *1. So "the denial of a motion for a continuance is reviewable for abuse of discretion." *Id.*

2.      *Merits*

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. We review the denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision . . . cannot be located within the range of permissible decisions." *Id.* at 551-52 (cleaned up).

We discern no abuse of discretion here. Petitioner bore "the burden of establishing good cause" for a continuance. *Matter of L-A-B-R-*, 27 I. & N. Dec. at 413. But he failed to introduce sufficient evidence to support his eligibility for relief under § 1229b. At the September 2019 removal hearing, the IJ determined that, even if Petitioner had adequately established paternity of the newborn, he had not demonstrated that the child would suffer exceptional and extremely unusual hardship in the event of his removal. On appeal,

11

the BIA echoed that concern while noting Petitioner's failure to show that he had satisfied the remaining conditions of § 1229b.

The agency thus reached a reasonable conclusion. Petitioner did not provide evidence showing that the newborn would suffer the requisite harm, and we can affirm the denial of the continuance on that basis alone. "IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions any more than when we review such decisions by district judges." *Morgan*, 445 F.3d at 551. On this record, we identify no error of law or clearly erroneous factual finding. Accordingly, the denial of Petitioner's request for a fourth continuance was not an abuse of discretion.

C.     Motion To Remand

Prevailing on an IAC claim requires alleging "facts sufficient to show 1) that competent counsel would have acted otherwise, and 2) that [a petitioner] was prejudiced by his counsel's performance." *Rabiu v. I.N.S.*, 41 F.3d 879, 882 (2d Cir. 1994) (quotation marks omitted). *See Strickland v. Washington*, 466 U.S. 668 (1984). As to competence, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation marks omitted). And as to prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Englert v. Lowerre*, 115 F.4th 69, 81 (2d Cir. 2024) (quotation marks omitted). In the immigration context, "[s]uch a probability is demonstrated where [the petitioner] makes a *prima facie* showing that, but for counsel's ineffectiveness, he

would have been eligible for relief, and could have made a strong showing in support of his application." *Paucar v. Garland*, 84 F.4th 71, 80-81 (2d Cir. 2023) (cleaned up).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). We "strongly presume[]" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quotation marks omitted). We "consider all the circumstances," making "every effort to eliminate the distorting effects of hindsight." *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001) (cleaned up). And we demand "a substantial, not just conceivable, likelihood of a different result." *Cullen*, 563 U.S. at 189 (quotation marks omitted).

Petitioner cannot clear that bar. He claims to have been "denied fundamental fairness in his removal proceedings" due to his prior counsel's failure to advise that he marry his girlfriend. Petitioner's Br. at 21. Such advice, Petitioner argues, would have allowed him to claim Brencis as a qualifying family member, "significantly strengthen[ing] his eligibility for cancellation of removal." *Id.* at 27. But that theory fails for two reasons.

First, no evidence suggests that Brencis's "mental health issues" would have risen to the level of exceptional and extremely unusual hardship. Petitioner's Br. at 26. Petitioner argued in his brief before the BIA that Brencis "suffers serious emotional damage from witnessing the physical abuse his mother . . . endured at the hands of his father" and is "extremely frightened of his father, the prospect that [Petitioner] may have to return to Mexico where his father is located,

13

and the prospect that his mother may have to return as well." CAR at 108. But "[a]n attorney's unsworn statements in a brief are not evidence," *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009), and thus Petitioner has failed to show that his removal would cause hardship to Brencis that is "substantially different from, or beyond, that which would normally be expected from the deportation of a close family member," *Wilkinson*, 601 U.S. at 222 (cleaned up). Petitioner thus failed to show that he was prejudiced by his prior counsel's performance.

Second, Petitioner fails to establish the incompetence of his prior counsel. As the BIA noted, "marriages entered into in removal proceedings are presumptively fraudulent." CAR at 5. So Petitioner needed to provide evidence that his prior counsel's strategy "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. *See United States v. Barrett*, 102 F.4th 60, 72 (2d Cir. 2024) ("[W]e indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, viewing the actions in light of the law and circumstances confronting counsel at the time." (quotation marks omitted)). Petitioner made no such showing.

## III. CONCLUSION

For the foregoing reasons, we deny the petition for review.

PARK, *Circuit Judge,* concurring in part and concurring in the judgment:

I agree that the agency did not abuse its discretion in finding that Petitioner failed to show good cause for a continuance. But we lack jurisdiction to reach the issue. The Supreme Court explained in *Patel v. Garland*, 596 U.S. 328 (2022), that 8 U.S.C. § 1252(a)(2)(B)(i) prevents federal courts from reviewing factual findings underlying denials of discretionary relief. In my view, that jurisdictional bar should apply here.

**I**

"A noncitizen who enters the United States illegally or who otherwise violates its laws may be removed from the country." *Patel*, 596 U.S. at 332. The Attorney General can cancel removal under certain circumstances, including if it would cause "exceptional and extremely unusual hardship" to a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D). But even then, an IJ must decide "whether to exercise his discretion favorably and grant the noncitizen relief in the particular case." *Wilkinson v. Garland*, 601 U.S. 209, 212-13 (2024).

That discretionary-relief process is subject to judicial review only for "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(D). But "no court shall have jurisdiction to review" two categories of appeals. *Id.* § 1252(a)(2)(B). Congress foreclosed review of (1) "any judgment regarding the granting of relief under section . . . 1229b," *id.* § 1252(a)(2)(B)(i); and (2) "any other decision or action . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General," *id.* § 1252(a)(2)(B)(ii).

*Patel* clarified the scope of the first category. It held that § 1252(a)(2)(B)(i) covers not only "discretionary judgments or the last-in-time judgment," but also "first-step decisions," which "plainly include[] factual findings." 596 U.S. at 338-39, 343 (quotation marks omitted). Section 1252(a)(2)(B)(i) thus prohibits review of more than just the ultimate decision to grant or deny relief from removal. It "extends to any judgment 'regarding' that ultimate decision." *Id.* at 344. *See also id.* at 338-39 ("[T]he provision applies to judgments of whatever kind," and "covers not only its subject but also matters relating to that subject." (cleaned up)).

The government thus argues that we lack jurisdiction to review the denial of Petitioner's request for a continuance. I agree. Under *Patel*, the denial of a continuance is a "judgment regarding the granting of relief." But this Court has concluded otherwise in two summary orders relying on *Sanusi v. Gonzales*, 445 F.3d 193 (2d Cir. 2006). Those summary orders misread *Patel*, which I think abrogates *Sanusi*.

## II

This Court decided *Sanusi* sixteen years before *Patel*. The petitioner in *Sanusi* sought relief under the Convention Against Torture ("CAT") and moved for a continuance to compile supporting evidence. The IJ denied his request.

*Sanusi* considered whether the denial of the continuance was "specified . . . to be in the discretion of the Attorney General" and thus unreviewable under § 1252(a)(2)(B)(ii). It answered no, explaining that "continuances are not even mentioned in the subchapter." 445 F.3d at 199. So *Sanusi* concluded that

2

"§ 1252(a)(2)(B)(ii) does not deprive us of jurisdiction to review decisions by IJs to grant or to deny continuances." *Id.*

*Sanusi* did not mention § 1252(a)(2)(B)(i). But two post-*Patel* summary orders invoked *Sanusi* to conclude that § 1252(a)(2)(B)(i) leaves intact our jurisdiction to review the denial of a continuance. Both decisions were in error.

In *Toxtega-Olin v. Garland*, No. 22-6537, 2024 WL 807436 (2d Cir. Feb. 27, 2024), a petitioner applying for cancellation of removal sought a continuance to reconcile with his wife, his qualifying relative under § 1229b(b)(1)(D). But she failed to appear, so the IJ found no good cause for a continuance and deemed his application abandoned, given his failure to submit other evidence. The BIA affirmed, and on a petition for review, the government argued that we lacked jurisdiction under *Patel*.

The panel disagreed, relying on *Sanusi*'s holding that denied continuances fall outside § 1252(a)(2)(B)(ii). It noted that *Patel* "discussed the judgments the agency makes in determining an applicant's eligibility for discretionary relief . . . and did not directly address decisions made prior to adjudicating an application for discretionary relief." *Toxtega-Olin*, 2024 WL 807436, at *1. And stating that "*Patel* has thus not abrogated our decision in *Sanusi*," the panel concluded that § 1252(a)(2)(B)(i) imposed "no jurisdictional bar" because "the IJ denied relief on *procedural* grounds." *Id.* at *1-2 (emphasis added).

*Agard v. Garland*, No. 23-6347, 2024 WL 1433337 (2d Cir. Apr. 3, 2024), followed suit. Echoing *Toxtega-Olin*, the panel cited *Sanusi* and concluded that "section 1252(a)(2)(B)(i) does not bar our review"

because "the agency's decision did not relate to the granting or denying of discretionary relief." *Agard*, 2024 WL 1433337, at \*2.

Those summary orders are wrong for two reasons. First, they overread *Sanusi*, which did not purport to preserve judicial review over continuance decisions in *all* contexts. *Sanusi* held instead that such decisions are not entrusted to the discretion of the Attorney General under § 1252(a)(2)(B)(ii), not § 1252(a)(2)(B)(i). *Toxtega-Olin* and *Agard* blink that distinction.

Second, the summary orders underread *Patel*. Although *Patel* "did not directly address decisions made prior to adjudicating an application for discretionary relief," *Toxtega-Olin*, 2024 WL 807436, at \*1, it did hold "that questions of fact underlying denials of discretionary relief are unreviewable under . . . § 1252(a)(2)(B)(i)," *Wilkinson*, 601 U.S. at 219. And its logic applies with equal force to preliminary and procedural decisions.

The plain meaning of § 1252(a)(2)(B)(i) is clear. Instead of "restrict[ing] itself to certain kinds of decisions," it "prohibits review of *any* judgment *regarding* the granting of relief." *Patel*, 596 U.S. at 338. Nothing about that "expansive reach" excludes decisions made before the agency resolves the merits of a case. *Xia v. Bondi*, 137 F.4th 85, 91 (2d Cir. 2025). As long as they are "authoritative decision[s]" underlying the grant or denial of cancellation of removal, they cannot be heard by a federal court. *Patel*, 596 U.S. at 337.

The denial here is such a decision. The IJ found that Petitioner did not show good cause because he failed to establish sufficient hardship to his girlfriend's newborn. That was a factual finding, not a legal conclusion. And it *related* to the denial of cancellation of

4

removal because Petitioner had to show that his removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. Indeed, Petitioner himself conceded as much to the BIA, explaining that because "[h]e requested a continuance . . . within the context of his pursuit of cancellation of removal," his "motion for a continuance related to direct relief being sought from the Immigration Court." Certified Administrative Record at 16.

In sum, the denial of the continuance was a "judgment regarding the granting of relief" because it related to—indeed clinched—the ultimate decision to remove Petitioner. It thus falls squarely within the sweep of § 1252(a)(2)(B)(i).

### III

*Sanusi* survives *Patel* only to the extent it holds that § 1252(a)(2)(B)(ii) does not strip federal courts of jurisdiction over continuance decisions. But it cannot preserve judicial review under § 1252(a)(2)(B)(i). Any other reading of § 1252(a)(2)(B)(i) defies *Patel*, flouts a clear statutory command, and breaks with the two other circuits to address the issue. *See Ikome v. Bondi*, 128 F.4th 684, 690 (5th Cir. 2025) ("[W]e lack jurisdiction to review the BIA's continuance determination."); *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1294 (9th Cir. 2024) (deeming the denial of a continuance "a judgment relating to—that is, 'regarding'—the ultimate decision to cancel removal or adjust status").

In my view, *Patel* abrogates *Sanusi* and we lack jurisdiction to review the denied continuance. Having been outvoted on this issue, I respectfully concur in part and concur in the judgment.

5