NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN JOSE GONZALEZ,<br><br>               Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>               Respondent. | No. 24-5091<br><br>Agency No.<br>A216-383-753<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025[**]
Phoenix, Arizona

Before: N.R. SMITH, HURWITZ, and COLLINS, Circuit Judges.
Concurrence by Judge COLLINS.

Juan Jose Gonzalez, a native and citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order of an Immigration Judge ("IJ") denying a continuance. He also challenges

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the BIA's denial of a motion to remand. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      "[W]e have jurisdiction to review an IJ's discretionary denial of a continuance." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). The fact that Gonzalez's motion for continuance related to his underlying request for cancellation of removal does not deprive us of jurisdiction. Although we may not review "factual judgments made in the course of ruling on procedural motions" related to cancellation of removal, *Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1295 (9th Cir. 2024); 8 U.S.C. § 1252(a)(2)(B)(i), we may review whether the "established facts satisfy the statutory eligibility standard," *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). We also have jurisdiction to review Gonzalez's argument that the denial denied him due process. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010); 8 U.S.C. § 1252(a)(2)(D).

2.      An IJ may grant a motion for a continuance "for good cause shown." 8 C.F.R. § 1003.29. We review the decision to deny a continuance for abuse of discretion. *Cruz Rendon*, 603 F.3d at 1109. When, as here, the motion is based on the possibility of future collateral relief, an IJ "must focus principally on two factors: (1) the likelihood that the alien will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413 (BIA 2018).

The BIA emphasized that Gonzalez provided no evidence that his partner was a qualifying relative, that his stepdaughter suffered from depression, or that hardship to any relative would be exacerbated by his removal. The BIA therefore considered the "nature of the evidence," *Cruz Rendon*, 603 F.3d at 1110, and "sufficiently outlined why good cause did not exist," *Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019).

3.  To succeed on a motion to remand, a petitioner must "establish prima facie eligibility for the relief sought." *Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007); *Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024) (explaining that motions to remand and motions to reopen are "evaluated by the same standards"). Prima facie eligibility means "a reasonable likelihood that the petitioner would prevail on the merits" if the motion were granted. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023).

Gonzalez has not established a reasonable likelihood that he would succeed on the merits because he presented no evidence that his removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). To be a qualifying relative, a stepchild must be under "the age of eighteen years at the time the marriage creating the status of stepchild occurred." 8 U.S.C. § 1101(b)(1)(B). Even after Gonzalez's marriage to her mother in September 2022, his stepdaughter could not be a qualifying relative, because she had already

turned eighteen. And, Gonzalez's wife could not be a qualifying relative because she is not a citizen or lawful permanent resident. *See* 8 U.S.C. § 1229b(b)(1)(D). In the absence of a qualifying relative, Gonzalez did not qualify for cancellation of removal.

4.      Because "nothing in the record shows that [Gonzalez] was eligible" for cancellation of removal when he requested a continuance, the denial of his motion to continue did not deny him due process. *Sandoval-Luna*, 526 F.3d at 1247.

**PETITION FOR REVIEW DENIED.**

*Gonzalez v. Bondi*, No. 24-5091

COLLINS, Circuit Judge, concurring in the judgment:

I agree with the majority that the petition for review should be denied, but because my reasoning differs in some respects, I concur only in the judgment.

Juan Jose Gonzalez petitions for review of the BIA's decision holding that Gonzalez failed to make a sufficient showing with respect to the relief of cancellation of removal to warrant either (1) reversing the IJ's decision denying a continuance so that he might be able to pursue such relief; or (2) granting a motion to remand, based on new evidence, to pursue such relief. Because Gonzalez's requests for a continuance and for a remand were made in connection with his pursuit of cancellation of removal, § 242(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), *see* 8 U.S.C. § 1252(a)(2)(B)(i), deprives us of jurisdiction over the BIA's decision except to the extent that the petition raises "constitutional claims or questions of law," *id*. § 1252(a)(2)(D). *See Figueroa Ochoa v. Garland*, 91 F.4th 1289, 1293–95 (9th Cir. 2024). Gonzalez, however, has failed to raise a meritorious constitutional claim or question of law.

Contrary to what Gonzalez contends, the BIA cited and applied the correct legal standard in evaluating his motion for remand, *viz*., whether Gonzalez had made a sufficient showing to establish "prima facie" eligibility for cancellation of removal. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180–81 (9th Cir.

2023).  Nothing in the BIA's ruling supports Gonzalez's contention that the BIA construed the prima facie eligibility standard as requiring a more-likely-than-not showing, as the agency had done in *Fonseca-Fonseca*.  On the contrary, the BIA's decision here emphasized what it considered to be Gonzalez's wholesale failure to present sufficient evidence in support of his remand request, stating that the motion was "unaccompanied by an affidavit or declaration from [Gonzalez] or any qualifying relatives, or any other evidence, regarding the hardships that his qualifying relatives would face if he is removed."  The mere fact that the BIA cited *Matter of Coelho*, 20 I. & N. Dec. 464 (BIA 1992), for the distinct point that "[m]otions to remand are subject to the same substantive requirements as motions to reopen" does not suggest that the BIA misread *Coelho* here in the way that the agency had done in *Fonseca-Fonseca*.  *See Fonseca-Fonseca*, 76 F.4th at 1181–83 (holding that the agency in that case had mistakenly applied *Coelho*'s "'would likely change' standard" for evaluating the discretionary decision whether to grant relief to the separate threshold question of prima facie eligibility).  And to the extent that the BIA's conclusion that Gonzalez failed to establish prima facie eligibility raises a reviewable mixed question of law and fact, there is no basis to set that determination aside.  Under any standard of review, the BIA properly concluded that Gonzalez's evidentiary showing was insufficient.[1]

---

[1] Because the ground given by the agency—*viz.*, that Gonzalez simply failed to

The agency's disposition of Gonzalez's oral motion for a continuance presents a more complicated question. The IJ's written ruling explaining why the continuance request was denied inexplicably mischaracterized that request as relating to an anticipated application for *adjustment of status* under "INA [§] 245(a)" based on an impending marriage to "a U.S. citizen." *See* 8 U.S.C. § 1255(a). The IJ further patently mischaracterized the record when he stated that Gonzalez "provided no evidence that he was dating a U.S. Citizen, and when questioned, counsel stated that *[his] girlfriend is still pursuing her citizenship*" (emphasis added). In fact, Gonzalez's counsel explained that his future wife was a "Mexican National" and "not a U.S. Citizen," but that because "[h]er children are U.S. Citizens," he would have U.S. citizen "stepchildren" after his marriage and then "would be eligible for another form of cancellation of removal." On appeal to the BIA, Gonzalez contended without elaboration that the IJ's reasoning in denying the continuance "carried little weight as it was not reasonable or supported by the record" and that, exercising de novo review, the BIA should hold that a continuance was warranted. The BIA, for its part, inexplicably overlooked

_____

provide any evidence that would establish a prima facie case of hardship to any of his putative qualifying relatives—is plainly correct, I disagree with the majority's decision to rely on a ground that was neither raised by the Government before the BIA nor decided by the BIA—*viz*., that, due to her age, Gonzalez's stepdaughter assertedly was not a qualifying relative as a matter of law. *See* Memo. Dispo. at 3–4.

3

Gonzalez's brief, incorrectly stating that Gonzalez "did not file a brief in support of his appeal," and the BIA then repeated the IJ's obvious misstatements and proceeded to "find no error" in them.

Even assuming that this collection of patent mischaracterizations by the agency amounted to an application of incorrect legal standards or even a due process violation, a remand is not required. The conclusions that the agency properly made in connection with its error-free disposition of Gonzalez's motion for remand *necessarily* establish that it would be pointless for us to remand for the agency to reconsider whether Gonzalez's request for a continuance—which was supported by even *less* of a showing than his comparable motion for remand— should have been granted. *See Park v. Garland*, 72 F.4th 965, 978 (9th Cir. 2023) (stating that "remand is an idle and useless formality when the BIA applies the wrong legal standard if, as a result of its factual findings, neither the result nor the BIA's basic reasoning would change" (simplified)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (holding that a claim that an alien's due process rights were violated requires a showing of "substantial prejudice").

For the foregoing reasons, I conclude that Gonzalez has failed to show an error of law or a constitutional claim that would warrant a remand to the agency. And because we lack jurisdiction to review anything else in this case, I agree that the petition for review should be denied. On that basis, I concur in the judgment.

4